

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. R. (Bill) Hall
County Attorney
Lamb County
Littlefield, Texas

Dear Sir:

Opinion No. O-3592

Re: Is the First National Bank
of Littlefield, the county
depository, selected by the
commissioners' court, legally
responsible for the $100,000
placed in the Olton State Bank,
Olton, after the same has been
placed in the selected county
depository and checked out? -
and other related questions.

Your letter of May 21, 1941, requesting an opinion of
this Department on the questions stated herein, has been re-
ceived.

We quote from your letter as follows:

"I have been requested by the commissioners'
court of Lamb County, Texas, and by the First
National Bank of Littlefield, Texas, the Lamb County
Depository, to submit for your opinion the following
question, to-wit:

"There was a Bond Issue voted in Lamb County,
Texas, in the total sum of Three Hundred Thousand
Dollars, the proceedings of the election and the bonds
were approved by the Attorney General's Office of the
State of Texas, the bonds were sold, and the Three
Hundred Thousand Dollars sent to the County Depository
of Lamb County, Texas, which is as stated above the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

First National Bank of Littlefield, Texas, and
thereafter the Commissioners' Court of Lamb County,
Texas, through the Treasury of Lamb County, Texas,
checked the sum of One Hundred Thousand Dollars out
of the County Depository, of Lamb County, Texas, and
placed the same in the Olton State Bank of Olton,
Texas. The question is, is the First National Bank
of Littlefield, Texas, the County Depository, selected
by the Commissioners' Court of Lamb County, responsible,
legally, for the One Hundred Thousand Dollars, placed
in the Olton State Bank, Olton, Texas, after the same
has been placed in the selected County Depository, and
can the Commissioners' Court legally place this money
in another bank, not the duly selected County Deposi-
tory, by accepting a bond approved by the Commissioners'
Court from the Olton State Bank, Olton, Texas, and if
it is possible for the money to be placed in the said
Olton State Bank, should the First National Bank of
Littlefield, Texas, the County Depository approve the
bond or should the Commissioners' court of Lamb County,
Texas, approve the bond of the Olton State Bank, if
same can be given.

I have consulted the R. C. S. Vernons Annotated
from Art. 2544, Vol. 8, Chapter Two, pertaining to
County Depositories, and Texas Jurisprudence pertain-
ing to County Depositories, and the said decisions
given there under, and I have checked the decisions
in the Southwestern Reporter, and it is the opinion
of this said office that the money belonging to the
County must be placed in the selected County Deposi-
tory, and the Commissioners' Court has no right,
legally to place the one hundred thousand dollars in
any place except the selected county depository. And
it is further the opinion of this office after the
one hundred thousand dollars is checked out of the
county depository, the county depository is not respons-
ible any further for the same, and that any bond given
for the safe keeping of the money after the same was
checked out of the County Depository, by check from
the said Lamb County Treasury, by orders of the Com-
missioners' Court, would be approved by the Commis-
sioners' Court of Lamb County, Texas."

The procedure for the selection of county depositories
is prescribed by Vernon's Annotated Civil Statutes, namely

Hon. J. R. (Bill) Hall, page 3

Articles 2544-2558. Within fifteen days after the selection
of a county depository, it shall be the duty of the banking
corporation, association or individual banker so selected, to
qualify as county depository in one or more of the ways pres-
cribed by Article 2447, Vernon's Annotated Civil Statutes, and
Senate Bill No. 212, Acts of the 47th Legislature. Article
2549, Vernon's Annotated Civil Statutes, reads as follows:

"As soon as said bond be given and approved by
the Commissioners Court, and the Comptroller, an order
shall be made and entered upon the minutes of said
Court designating such banking corporation, associa-
tion or individual banker, as a depository for the
funds of said county until sixty (60) days after the
time fixed for the next selection of a depository;
and thereupon, it shall be the duty of the county
treasurer of said county immediately upon the making
of such order, to transfer to said depository all the
funds belonging to said county, as well as all funds
belonging to any district or other municipal sub-
division thereof not selecting its own depository,
and immediately upon receipt of any money thereafter,
to deposit the same with said depository to the credit
of said county, district and municipalities. It shall
also be the duty of the tax collector of such county
to deposit all taxes collected by him, or under his
authority, for the State and such county and its
various districts and other municipal subdivisions,
in such depository or depositories, as soon as collect-
ed, pending the preparation of his report of such
collection and settlement thereon. The bond of such
county depository or depositories shall stand as se-
curity for all such funds. Upon such funds being de-
posited as herein required, the tax collector and
sureties on his bond, shall thereafter be relieved of
responsibility of its safekeeping. All county de-
positories shall collect all checks, drafts and demands
for money so deposited with them by the county and when
using due diligence shall not be liable on such col-
lections until the proceeds thereof have been duly
received by the depository bank, provided that any ex-
pense incurred in collection thereof by the depository,
which the depository is not allowed or permitted to
pay or absorb by reason of any act of Congress of the
United States or any regulation by either the Board

Hon. J. K. (Bill) Hall, page 4

of Governors of the Federal Reserve System or the
Board of Directors of the Federal Deposit Insurance
Corporation, shall be charged to and paid by the
county. All money collected or paid by any district,
county or precinct officer in such county, or the
officers of any defined district or subdivision in
such county, including the funds of any municipal or
quasi-municipal subdivision or corporation which
has the power to select its own depository, but has
not done so, shall be governed by this law, and
shall be deposited in accordance with its require-
ments, and shall be considered in fixing the bond
of such depository, and shall be protected by such
bond; and all warrants, checks, and vouchers evid-
encing such funds shall be subject to audit and
countersignature as now or hereafter provided by law."

The withdrawal of funds from depositories is regulated
by the statutes. (Articles 2552, 2553 and 2554, Vernon's
Annotated Civil Statutes). Tax money deposited in county
depositories may be paid to treasurers entitled to receive
the same, or it may be withdrawn from the depository upon
checks of the treasurer drawn by authority of lawful warrants
and countersigned by the auditor.

It is a well established principle of law that commis-
sioners' courts are courts of limited jurisdiction, in that
their authority extends only to matters pertaining to the
general welfare of their respective counties and that their
powers are only those expressly or impliedly conferred upon
them by law, that is, by the Constitution and statutes of
the State.

It is apparent from your letter that the Olton State Bank
was not selected as the county depository for Lamb County.
In view of Article 2549, supra, it is apparent that all money
belonging to the county must be placed in the selected county
depository, and the commissioners' court has no legal right or
authority to place the $100,000 in any place except the selected
county depository. It is our further opinion that the commis-
sioners' court has no legal right or authority to accept and
approve a bond given by the Olton State Bank, given for the
safe keeping of the money placed in said bank. The $100,000
should be withdrawn from the Olton State Bank and placed in the
duly selected and designated county depository.

Hon. J. R. (Bill) Hall, page 5

With reference to the liability of the county depository and the liability of the members of the commissioners' court relative to the $100,000 which was withdrawn from said county depository and deposited in the Olton State Bank, we think, as there is no loss suffered or sustained by the county, that it is not necessary to pass on these particular matters at this time. However, as above stated, the $100,000 should be withdrawn from the Olton State Bank and placed in the duly selected and designated county depository. In the event any loss is suffered or sustained by the county by reason of the above mentioned transaction, we shall be glad to pass upon the liability of the county depository, their sureties, and the members of the commissioners' court when presented with this question and all of the facts in connection therewith.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED JUN 6, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

AW:N

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

